In the Matter of the Application of One of the Two Directors of the VOLK HOUSE WRECKING COMPANY, a Domestic Corporation, for Its Voluntary Dissolution.

JACOB VOLK, Appellant, Respondent; ALBERT A. VOLK, Appellant, Respondent.

THE ATTORNEY-GENERAL OF THE STATE OF NEW YORK and JULIUS HALLHEIMER, Receiver.

First Department, March 8, 1918.

Corporations — voluntary dissolution — dismissal of appeal by petitioner from final order, for failure to print papers — forfeiture of right to review determination as to equities of stockholders — motion by Attorney-General to modify order — limiting papers upon appeal.

Where an appeal by the petitioner from a final order in a proceeding for the voluntary dissolution of a corporation is dismissed for his failure to print his papers, he has thereby forfeited his right to review the determination as to the equities between the stockholders.

Such a review may not be secured indirectly through a motion by the Attorney-General to modify the order, where he is interested only in the recovery of the tax on dividends declared and in properly protecting the creditors.

Since the determination was made without considering the ground for the adjustment of the equities between the stockholders, an order limiting the papers upon appeal to exclude the stenographer's minutes was properly made and should be affirmed.

APPEAL by Jacob Volk from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of July, 1917, granting the motion of the Attorney-General of the State of New York to vacate part and resettle another part of a final order entered in this proceeding on the 27th day of February, 1917.

Appeal by Albert A. Volk from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of January, 1918, granting the motion of Jacob Volk to settle the statement of the papers upon appeal from the resettled order herein entered on the 6th day of July, 1917, staying proceedings on the part of the receiver.

*Jacob I. Berman*, for the appellant, respondent, Jacob Volk.

*Percival C. Smith* of counsel [*Lyon & Smith*, attorneys], for the respondent, appellant, Albert A. Volk.

SMITH, J.:

These appeals will be considered together, as they are somewhat interrelated.

The Volk House Wrecking Company was a corporation engaged in the wrecking of buildings, with an authorized capital stock of fifty shares. Ten shares only had been issued, of which Albert Volk was the owner of four shares and Jacob Volk the owner of six shares. Three directors had been originally named, but one of them had resigned, so that there were acting only two directors, Albert Volk and Jacob Volk. They were unable to agree, and Albert Volk petitioned the court for a voluntary dissolution of the corporation under section 172 *et seq.* of the General Corporation Law (Consol. Laws, chap. 23; Laws of 1909, chap. 28). In that proceeding the court referred the matter to a referee, before whom the matter was tried out. The referee made his report. Exceptions were filed thereto by Albert Volk, but upon the motion of Jacob Volk the report was substantially confirmed by the final order made. From the order confirming that report Albert Volk appealed to the Appellate Division but failed to print his papers and his appeal was dismissed (180 App. Div. 931). Thereafter the Attorney-General made a motion to revoke or modify the final order, by which order practically all matters which had been adjudicated in the determination of the referee and in the final order were reopened, including the adjustment of the equities between the stockholders.

The ground for the interposition of the Attorney-General was, *first*, that he had not received proper notice of the application for a final order, and that the proper papers had not been served upon him; *secondly*, that a tax was due from the corporation for dividends declared; *thirdly*, that there had been no notice to creditors to present their claims, and further, that the adjustment of the equities between the stockholders was erroneous and greatly to the disadvantage

of Albert Volk. From the order modifying the final order
Jacob Volk appeals to this court. This is the appeal first
mentioned herein. By reason of recitations in the final order
upon the appeal, Jacob Volk would be required to print a
large amount of evidence taken before the referee. He made
application to the court to be excused from printing that
evidence. That application was granted upon Jacob Volk
stipulating to raise only certain questions of law upon his
appeal. From this order granting this motion to limit the
papers to be printed upon appeal, Albert Volk has here
appealed, and this is the second appeal.

The first question to which Jacob Volk stipulated that he
would confine himself was, whether the Special Term could
overrule the referee and make findings of its own or had only
the limited power to make a final order to conform to the
decision of the referee. It is insisted by the Attorney-General
that the referee under the statute had no authority to make
any other determination than of the question whether the
corporation should be dissolved, and the adjustment of the
equities between the stockholders was a matter to be deter-
mined by the receiver after his appointment or by the court
and was not within the province of the referee originally
appointed in the proceeding. Where the statute names the
reference as one to hear and determine, nevertheless it is
provided that the final order must be made by the court,
and notice of application for the final order is specifically
required to all persons who have made an appearance in the
proceeding. In my view of the case, however, that question
is not necessarily here for determination. The reference was
had and the referee's report assumed to determine the relative
rights of the two stockholders. In the final order that report
was confirmed. The appeal of Albert Volk thereafter was
dismissed, and it would seem clear that Albert Volk, having
forfeited his right to review that determination, cannot
indirectly through the Attorney-General obtain the right
which he himself has forfeited. The Attorney-General is
interested for two purposes only: *First*, that the State may
recover the tax lawfully assessed by reason of the dividends
declared, and *secondly*, that creditors are properly protected.
I will assume, because it is not questioned here, that the

First Department, March, 1918.    [Vol. 182.

receiver appointed by the final order should advertise for creditors. The final order was then correctly modified to the extent of directing the receiver to pay the tax properly assessed in respect of the dividends declared and also to compel the receiver to advertise for claims before making final distribution between the stockholders. To the extent, however, that the final order assumed to reopen the adjustment of the equities between the stockholders, the court was without power so to do upon the application of the Attorney-General and to that extent the order appealed from, modifying the final order, should itself be modified (See *Matter of Seneca Oil Co.*, 153 App. Div. 594; affd., 208 N. Y. 545; also Gen. Corp. Law, §§ 186, 187.)

Inasmuch as this determination is made without considering the ground for the determination of the equities between the stockholders, it would seem that the order limiting the papers upon appeal to exclude the stenographer's minutes was properly made, and that order should be affirmed.

CLARKE, P. J., SCOTT, DAVIS and SHEARN, JJ., concurred.

Order modifying final order modified as stated in opinion. Order limiting papers on appeal affirmed. Order to be settled on notice.